IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(KANSAS CITY DOCKET)

**FILED**

APR 24 2008

Clerk, U.S. District Court
By: _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08-20013-CM-JPO |
| ) | |
| CECIL A. BROOKS, ) | |
| ) | |
| LEMARK D. ROBERSON, ) | |
| ) | |
| RONDA R. BARNETT, ) | |
| ) | |
| GAYLON W. STEELE, ) | |
| ) | |
| and, ) | |
| ) | |
| LUIS M. RIVERA-COTTO, ) | |
| ) | |
| Defendants. ) | |

## SECOND SUPERSEDING INDICTMENT

### COUNT 1

The Grand Jury charges:

From on or about September 15, 2007, the exact date being unknown to the Grand Jury, and continuing to on or about January 16, 2008, in the District of Kansas, the defendants,

CECIL A. BROOKS,
LEMARK D. ROBERSON,
RONDA R. BARNETT,
GAYLON W. STEELE,

1

**and,
LUIS M. RIVERA-COTTO,**

did knowingly and intentionally combine, conspire, confederate and agree together with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, within 1000 feet of the real property comprising a public secondary school, to-wit: Topeka High School, 800 West 10th Street, Topeka, Kansas, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii), 860(a) and Title 18, United States Code, Section 2.

All in violation of Title 21, United States Code, Section 846.

## MANNER AND MEANS

1. Between September 15, 2007, and January 16, 2008, defendant Cecil A. Brooks (hereinafter Brooks) maintained a residence located at 1942 North 24th Street, Kansas City, Kansas, which is located within 1000 feet of real property comprising a public elementary school, to-wit: New Chelsea Elementary School, 2500 Wood, Kansas City, Kansas, for the purpose of storing, manufacturing and distributing cocaine and cocaine base (crack cocaine).

2. Cocaine base (crack cocaine) that was manufactured or stored at 1942 North 24th Street, Kansas City, Kansas, was transported to various apartments in the Winstone Apartment Complex located at 800 SW Polk, Topeka, where the cocaine base (crack cocaine) was stored and then

   distributed from, by Brooks, Lemark D. Roberson (hereinafter Roberson) and other indicted and unindicted co-conspirators.

3. Cash drug proceeds were collected in Topeka by Brooks and Roberson with most of the proceeds being returned to various locations in the Kansas City metropolitan area.

## OVERT ACTS

In furtherance of said conspiracy and to effect the objects thereof, the following overt acts, among others, were committed within the District of Kansas:

4. On November 23, 2007, in an apartment at the Winstone Apartment Complex, 800 SW Polk in Topeka, Brooks accused Adam G. Newton (hereinafter Newton) of being responsible for either stealing or losing $1000 worth of cocaine base (crack cocaine) that belonged to Brooks.

5. Brooks struck Newton on the side of his head with a bottle thereby knocking him to the ground.

6. Once Newton was on the ground, Brooks picked up a hot clothes iron and burned Newton on the back with the iron several times.

7. Brooks hit Newton with a bottle and then burned him with an iron to punish Newton and in order to convey to any other person(s) who heard about the attack that it was dangerous to steal cocaine base (crack cocaine) from Brooks and/or his co-conspirators.

The Grand Jury incorporates by this reference all of the allegations contained in Counts 2 through 12 of the second superseding indictment as overt acts in furtherance of the conspiracy alleged in Count 1 as though fully set forth at this point.

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

On or about January 16, 2008, in the District of Kansas, the defendant,

### CECIL A. BROOKS,

aiding and abetting persons both known and unknown to the Grand Jury, did unlawfully and knowingly open, use, rent and maintain a place, that is, a residence located at 1942 North 24th Street, Kansas City, Kansas, which is located within 1000 feet of real property comprising a public elementary school, to-wit: New Chelsea Elementary School, 2500 Wood, Kansas City, Kansas, for the purpose of storing, manufacturing and distributing cocaine and cocaine base (crack cocaine), controlled substances, in violation of Title 21, United States Code, Sections 856(a)(1), 860(a) and Title 18, United States Code, Section 2.

## COUNT 3

On or about December 18, 2007, in the District of Kansas, the defendant,

### RONDA R. BARNETT,

knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, within 1000 feet of the real property comprising a public secondary school, to-wit: Topeka High School, 800 West 10th Street, Topeka, Kansas, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), 860(a) and Title 18, United States Code, Section 2.

## COUNT 4

On or about December 19, 2007, in the District of Kansas, the defendant,

**LUIS M. RIVERA-COTTO,**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, within 1000 feet of the real property comprising a public secondary school, to-wit: Topeka High School, 800 West 10th Street, Topeka, Kansas, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), 860(a) and Title 18, United States Code, Section 2.

## COUNT 5

On or about December 21, 2007, in the District of Kansas, the defendant,

**GAYLON W. STEELE,**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, within 1000 feet of the real property comprising a public secondary school, to-wit: Topeka High School, 800 West 10th Street, Topeka, Kansas, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), 860(a) and Title 18, United States Code, Section 2.

## COUNT 6

On or about January 3, 2008, in the District of Kansas, the defendant,

**GAYLON W. STEELE,**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, within 1000 feet of the real property comprising a public secondary school, to-wit: Topeka High School, 800 West 10th Street, Topeka, Kansas, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), 860(a) and Title 18, United States Code, Section 2.

## COUNT 7

On or about January 16, 2008, in the District of Kansas, the defendants,

**GAYLON W. STEELE,
and,
LUIS M. RIVERA-COTTO,**

aiding and abetting each other, knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, within 1000 feet of the real property comprising a public secondary school, to-wit: Topeka High School, 800 West 10th Street, Topeka, Kansas, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), 860(a) and Title 18, United States Code, Section 2.

## COUNT 8

On or about January 16, 2008, in the District of Kansas, the defendant,

**LEMARK D. ROBERSON,**

aiding and abetting persons both known and unknown to the Grand Jury, did unlawfully and knowingly open, use, rent and maintain a place, that is, Apartment Number 38, Winstone Apartment Complex, 800 South West Polk Street, Topeka, Kansas, which is located within 1000 feet of real property comprising a public secondary school, to-wit: Topeka High School, 800 West 10th Street, Topeka, Kansas, for the purpose of storing and distributing cocaine base (crack cocaine), a controlled substance, in violation of Title 21, United States Code, Sections 856(a)(1), 860(a) and Title 18, United States Code, Section 2.

## COUNT 9

On or about January 16, 2008, in the District of Kansas, the defendant,

**LEMARK D. ROBERSON,**

aiding and abetting persons both known and unknown to the Grand Jury, did unlawfully and knowingly open, use, rent and maintain a place, that is, Apartment Number 35, Winstone Apartment Complex, 800 South West Polk Street, Topeka, Kansas, which is located within 1000 feet of real property comprising a public secondary school, to-wit: Topeka High School, 800 West 10th Street, Topeka, Kansas, for the purpose of storing and distributing cocaine base (crack cocaine), a controlled substance, in violation of Title 21, United States Code, Sections 856(a)(1), 860(a) and Title 18, United States Code, Section 2.

## COUNT 10

On or about January 16, 2008, in the District of Kansas, the defendant,

**LUIS M. RIVERA-COTTO,**

aiding and abetting persons both known and unknown to the Grand Jury, did unlawfully and knowingly open, use, rent and maintain a place, that is, Apartment Number 16, Winstone Apartment Complex, 800 South West Polk Street, Topeka, Kansas, which is located within 1000 feet of real property comprising a public secondary school, to-wit: Topeka High School, 800 West 10th Street, Topeka, Kansas, for the purpose of storing and distributing cocaine base (crack cocaine), a controlled substance, in violation of Title 21, United States Code, Sections 856(a)(1), 860(a) and Title 18, United States Code, Section 2.

## COUNT 11

On or about the January 16, 2008, in the District of Kansas, the defendant,

**LEMARK D. ROBERSON,**

aiding and abetting persons both known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, within 1000 feet of the real property comprising a public secondary school, to-wit: Topeka High School, 800 West 10th Street, Topeka, Kansas,  in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(iii), 860(a) and Title 18, United States Code, Section 2.

## COUNT 12

On or about January 16, 2008, in the District of Kansas, the defendant,

**LUIS M. RIVERA-COTTO,**

aiding and abetting persons both known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute, a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a controlled substance, within 1000 feet of the real property comprising a public secondary school, to-wit: Topeka High School, 800 West 10th Street, Topeka, Kansas, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), 860(a) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

As a result of committing an offense involving conspiracy to possess with the intent to distribute and to distribute more than 50 grams of cocaine base (crack cocaine) within 1000 feet of a secondary school, in violation of Title 21, United States Code, Sections 841,

846, 860(a) and Title 18, United States Code, Section 2, as alleged in Count 1 of the second superseding indictment; the offenses involving aiding and abetting maintaining a drug-involved premises within a 1000 feet of a secondary school, in violation of Title 21, United States Code, Section 856(a)(1), 860(a) and Title 18, United States Code, Section 2, as alleged in Counts 2 and 8-10 of the second superseding indictment; the offenses involving distribution of cocaine base (crack cocaine) within 1000 feet of a secondary school, in violation of Title 21, United States Code, Sections 841, 860(a) and Title 18, United States Code, Section2, as alleged in Counts 3-7 of the second superseding indictment; the offense involving aiding and abetting possession with intent to distribute more than five grams of cocaine base (crack cocaine) within 1000 feet of a secondary school, in violation of Title 21, United States Code, Sections 841, 860(a) and Title 18, United States Code, Section 2, as alleged in Count 11 of the second superseding indictment; the offense involving aiding and abetting possession with intent to distribute cocaine base (crack cocaine) within 1000 feet of a secondary school, in violation of Title 21, United States Code, Sections 841, 860(a) and Title 18, United States Code, Section 2, as alleged in Count 12 of the second superseding indictment and pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982, the defendants,

**CECIL A. BROOKS,**
**LEMARK D. ROBERSON,**
**RONDA R. BARNETT,**
**GAYLON W. STEELE,**
**and,**
**LUIS M. RIVERA-COTTO**,

shall forfeit to the United States any and all property constituting or derived from any

proceeds the defendants obtained directly or indirectly as a result of the violation or violations of Title 21, United States Code, Sections 841 and 846 and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts 2 through 12 of the second superseding indictment, including but not limited to a sum of money equal to $30,515 in U.S. currency, representing the amount of proceeds obtained as a result of the violations of offenses involving conspiracy to possess with the intent to distribute and to distribute more than 50 grams of cocaine base (crack cocaine) within 1000 feet of a secondary school, in violation of Title 21, United States Code, Sections 841, 846, 860(a) and Title 18, United States Code, Section 2, as alleged in Count 1 of the second superseding indictment; the offenses involving aiding and abetting maintaining a drug-involved premises within a 1000 feet of a secondary school, in violation of Title 21, United States Code, Section 856(a)(1), 860(a) and Title 18, United States Code, Section 2, as alleged in Counts 2 and 8-10 of the second superseding indictment; the offenses involving distribution of cocaine base (crack cocaine) within 1000 feet of a secondary school, in violation of Title 21, United States Code, Sections 841, 860(a) and Title 18, United States Code, Section2, as alleged in Counts 3-7 of the second superseding indictment; the offense involving aiding and abetting possession with intent to distribute more than five grams of cocaine base (crack cocaine) within 1000 feet of a secondary school, in violation of Title 21, United States Code, Sections 841, 860(a) and Title 18, United States Code, Section 2, as alleged in Count 11 of the second superseding indictment; the offense involving aiding and abetting possession with intent to distribute cocaine base (crack cocaine) within 1000 feet of a secondary school, in violation of Title 21, United States Code, Sections 841, 860(a) and Title 18, United States

Code, Section 2, as alleged in Count 12 of the second superseding indictment and pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982, for which the defendants are liable.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(b) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

A TRUE BILL

Dated: 4/23/08

FOREMAN

ERIC F. MELGREN
United States Attorney
District of Kansas
1200 Epic Center
301 North Main
Wichita, Kansas 67202
Ks. S. Ct. No. 12430

11

(It is requested that trial of the above captioned case be held in Kansas City, Kansas.)

The Court acknowledges the return of this indictment in open court.

_____
UNITED STATES DISTRICT JUDGE

**PENALTIES:**

**Count 1:** Conspiracy to PWID and to distribution of more than 50 grams of cocaine base (crack cocaine) within 1000 feet of a secondary school
21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 860(a), 846 and 18 U.S.C. § 2.

- NLT 10 years-NMT Life imprisonment;
- NMT $8,000,00.00 fine;
- NLT 5-NMT 10 years supervised release;
- $100 special assessment fee;
- Forfeiture allegation.

If the defendant has a prior conviction for a felony drug offense the penalties are:

- NLT 20 years-NMT Life imprisonment;
- NMT $8,000,000.00 fine;
- NLT 10 years supervised release;
- $100.00 special assessment fee;
- Forfeiture allegation.

If the defendant has two prior convictions for felony drug offenses the penalties are:

- Mandatory Life imprisonment;
- NMT $8,000,000.00 fine;
- NLT 10 years supervised release;
- $100.00 special assessment fee;
- Forfeiture allegation

**Count 2:** Aiding and abetting maintaining a drug-involved premises within a 1000 feet of a secondary school
21 U.S.C. §'s 856(a)1, 860(a) and 18 U.S.C. § 2

- NLT 1 year NMT 40 years imprisonment;
- NMT $2,000,000 fine;
- NLT 6 years supervised release; and
- $100 special assessment fee;
- Forfeiture allegation.

**Counts 3-7:** Distribution of cocaine base (crack cocaine) within a 1000 feet of a secondary school
21 U.S.C. § 841(a)(1), (b)(1)(C), 860(a) and 18 U.S.C. § 2

- NLT 1, NMT 40 years imprisonment;

13

- NMT $2,000,00.00 fine;
- NLT 6 years supervised release;
- $100 special assessment fee;
- Forfeiture allegation.

**Count 8-10: Aiding and abetting maintaining a drug-involved premises within a 1000 feet of a secondary school**
**21 U.S.C. §'s 856(a)1, 860(a) and 18 U.S.C. § 2**

- NLT 1 year NMT 40 years imprisonment;
- NMT $2,000,000 fine;
- NLT 6 years supervised release;
- $100 special assessment fee;
- Forfeiture allegation.

**Count 11:   Aiding and abetting PWID more than 5 grams of cocaine base (crack cocaine) within 1000 feet of a secondary school**
**21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), 860(a), 846 and 18 U.S.C. §  2.**

- NLT 5 years NMT 80 years imprisonment;
- NMT $4,000,00.00 fine;
- NLT 8 years supervised release;
- $100 special assessment fee;
- Forfeiture allegation.

If the defendant has a prior conviction for a felony drug offense the penalties are:

- NLT 10 years NMT life imprisonment;
- NMT $4,000,000.00 fine;
- NLT 8 years supervised release;
- $100.00 special assessment fee;
- Forfeiture allegation.

**Count 12:   Aiding and abetting  PWID cocaine base (crack cocaine) within a 1000 feet of a secondary school**
**21 U.S.C. § 841(a)(1), (b)(1)(C), 860(a) and 18 U.S.C. § 2**

- NLT 1, NMT 40 years imprisonment;
- NMT $2,000,00.00 fine;
- NLT 6 years supervised release;
- $100 special assessment fee;
- Forfeiture allegation.