IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

FILED
MAY 30 2019
TIMOTHY M. O'BRIEN CLERK
By_____Deputy

United States of America, )
)
               Plaintiff )
)
versus ) Case No. 08-20013-01-CM
)
Cecil A. Brooks, )
)
               Defendant )

## DEFENDANT'S RESPONSE TO THE GOVERNMENT

Comes, now, Cecil Brooks, defendant in this case, pro se, responding to the Government's opposition to reduction in sentence in this case. As defendant is a pro se litigant, he is entitled to liberal treatment, and is to be held to a lesser standard than professional attorneys, Garza v Davis, 596 F.3d 1198, 1201 & n2 (10th, 2010).

The Government's argument simply asserts that, while the FIRST STEP Act would reduce defendant's applicable guidelines, that no relief can be given because defendant was given a below guideline sentence. It seems to assume, without explicitly arguing, that relief under the FIRST STEP Act is equivalent to that under 18 U.S.C. § 3582.

Yet, unlike a § 3582 proceeding, where the Court is specifically and expressly limited from departing below the bottom end of the guideline range, no such limitation exists in the text of § 404(b) of the FIRST STEP Act. Congress is clearly aware of how to foreclose such relief, yet specifically chose **not** to employ that language here, a choice which must be presumed to have meaning, United States v Burkholder, 816 F.3d 607, 615 (10th, 2016). This is especially true given the distinction the Supreme Court has made between normal resentencings and the limited variety of a § 3582 motion, which Congress is surely aware of, United States v Perceval, 803 F.3d 601, 603 (10th, 1986).

-1-

RECEIVED
MAY 30 2019
CLERK, U.S. DISTRICT COURT
KANSAS CITY, KANSAS

At least one other court has considered its authority to depart from the low end of the guidelines pursuant to the FIRST STEP Act, and found it could depart. In United States v LaGuerre, 2019 US Dist LEXIS 28122 (WD Va, 2019), the defendant originally had an offense level of 41, with an advisory range of 360-Life, like here. The Court originally varied to 240 months, a 33% departure. After the FIRST STEP Act, his range altered to 292-365 months. Because a departure was given the first time around, the Court found that a similar reduction would be in order, and resentenced him to 196 months, at 7.

The Government's position appears to be without merit. Nothing in statute or relevant precedent prohibits this Court from granting reduction just because a departure was previously granted.

Here, the original range for an offense level 41 at Category II is 360-Life. Reducing the offense level to a 39 does not lead to a range of 360-Life, but 292-365. The Government's calculation was in error. If defendant was given a similar reduction off the new guidelines, his term would be amended to 176 months. The Court could also, consistent with Pepper v United States, 179 L.Ed.2d 196, 208 (2011) consider whether a further reduction is warranted.

Defendant thus prays this Court disregard the Government's motion and grant a reduction in sentence.

Respectfully submitted this 22 day of May, 2019.

Cecil A. Brooks #11781-031
MCFP Springfield
PO Box 4000
Springfield, MO 65801