IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 08-20013-01-CM |
| CECIL A. BROOKS, | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

This case is before the court on defendant Cecil A. Brooks's Motion for Resentencing Pursuant to the First Step Act [2018] (Doc. 374). The court ordered the government to respond to the motion by March 6, 2019. After the deadline for response passed without a response from the government, defendant filed a Motion for Summary Judgment (Doc. 376), asking the court to rule in his favor because the government had not responded. The government then asked for an extension of time to respond to the motion for resentencing, explaining how and why the government had overlooked the deadline for responding. The court granted the government's motion for additional time to respond, and on April 30, 3019, the government filed its response to defendant's motion. Defendant filed a reply brief on May 30, 2019, and the motion is now ripe for decision.

The court first addresses defendant's motion for summary judgment. The government has shown good cause why it did not timely respond to defendant's motion. After a review of the record, the court determines that the government's response brief should be considered, and denies defendant's request for summary disposition of his motion.

Next, the court turns to the merits of defendant's motion. Defendant asks this court to reduce his sentence under § 404 of the First Step Act of 2018, which authorizes a court to "impose a reduced

-1-

sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act of 2018, § 404(a), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(b). Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). Section 3 eliminated the 5-year mandatory minimum for simple possession of crack cocaine. *Id.* If the court were to recalculate defendant's guideline base offense level based on the corresponding changes to the sentencing guidelines, it would now be 36 instead of 38, as it was at the time of sentencing. Using the new base offense level, defendant's overall guidelines range would be 360 months to Life, instead of Life (as it was at the time of sentencing). Defendant is incorrect in his assessment that he would be entitled to a revised guideline range of 292–365 months.

The court sentenced defendant to 216 months in prison, as a result of a Rule 11(c)(1)(C) plea agreement. If the court to resentence defendant, it would be pursuant to 18 U.S.C. § 3582(c)(1)(B), which permits modification of imprisonment to the extent "expressly permitted by statute." But a reduction is not required when a defendant already received a sentence below the guideline range. *See* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). The court originally found that the terms of the plea agreement reflected a fair sentence under the circumstances of the case, and the court still believes that the terms of the plea agreement reflect an appropriate and fair sentence. The court declines to lower defendant's sentence based on the First Step Act.

**IT IS THEREFORE ORDERED** that defendant's Motion for Resentencing Pursuant to the First Step Act [2018] (Doc. 374) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion for Summary Judgment (Doc. 376) is denied.

Dated this 30th day of August, 2019, at Kansas City, Kansas.

/s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**